10-4282-ag
Yang v. Holder

BIA
A079 312 257

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand twelve.

PRESENT:
          RALPH K. WINTER,
          REENA RAGGI,
          SUSAN L. CARNEY,
               *Circuit Judges.*

_____

MING YANG,
          *Petitioner,*

          v.                                    10-4282-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:          David X. Feng, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General;
                         Jennifer Paisner Williams, Senior
                         Litigation Counsel; Ali Manuchehry,
                         Trial Attorney, Office of Immigration
                         Litigation, Civil Division, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ming Yang, a native and citizen of China, seeks review of a September 28, 2010 order of the BIA denying his motion to reopen his removal proceedings. *In re Ming Yang*, No. A079 312 257 (BIA Sept. 28, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA did not abuse its discretion by denying Yang's motion to reopen as untimely and number-barred, as it was his second motion to reopen and he filed it nearly seven years after his final order of removal. *See* 8 U.S.C. § 1229a(c)(7).

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably concluded that only Yang's personal circumstances had changed, as his claim was based on the fact that he

joined the Party for Freedom and Democracy in China in 2008. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme"); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 151-56 (2d Cir. 2008).

Moreover, contrary to Yang's argument, the BIA did not abuse its discretion in giving little weight to a letter, purportedly from Yang's wife, in which she asserted that the authorities in China were looking for Yang, as the letter was not corroborated and Yang had been found not credible in the underlying proceedings. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007) (finding that BIA did not err in rejecting petitioner's document submitted in support of motion to reopen based on legitimate concerns about the petitioner's credibility stemming from IJ's underlying adverse credibility determination). Yang did not present any other evidence documenting *changed* circumstances in China.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

3

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk